CHRUNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

FELICIA H.,

        Plaintiff,

-v-

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

---

21-CV-01213-MJR
DECISION AND ORDER

Pursuant to 28 U.S.C. §636(c), the parties consented to have a United States Magistrate Judge conduct all proceedings in this case. (Dkt. No. 9)

Plaintiff Felicia H.[1] ("Plaintiff") brings this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) seeking judicial review of the final decision of the Commissioner of Social Security ("Commissioner" or "defendant") denying her application for Disability Insurance Benefits ("DIB") pursuant to the Social Security Act (the "Act"). Both parties have moved for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the following reasons, Plaintiff's motion (Dkt. No. 6) is denied, and defendant's motion (Dkt. No. 7) is granted.

---

[1] In accordance with the District's November 18, 2020, Standing Order, plaintiff is identified by first name and last initial.

## BACKGROUND[2]

Plaintiff filed for DIB on May 29, 2019, with an alleged onset date of September 1, 2014.[3] (Administrative Transcript ["Tr."] 212-13). The application was initially denied on July 26, 2019, and upon reconsideration on November 5, 2019. (Tr. 131-42; 143-55). Plaintiff filed a timely request for an administrative hearing. (Tr. 156-95). On June 16, 2020, Administrative Law Judge ("ALJ") David F. Neumann held a telephone hearing, during which Plaintiff participated via telephone, *pro se*. (Tr. 72-87). At Plaintiff's request, the ALJ granted an adjournment, and the hearing reconvened, via telephone, on September 11, 2020. (Tr. 33-71). Plaintiff again participated by telephone, *pro se*. A vocational expert also testified at the hearing. The ALJ issued an unfavorable decision on November 3, 2020. (Tr. 12-32). On September 21, 2021, the Appeals Council denied Plaintiff's request for review. (Tr. 1-6). This action followed.

## DISCUSSION

I.   *Scope of Judicial Review*

The Court's review of the Commissioner's decision is deferential. Under the Act, the Commissioner's factual determinations "shall be conclusive" so long as they are "supported by substantial evidence," 42 U.S.C. §405(g), that is, supported by "such relevant evidence as a reasonable mind might accept as adequate to support [the]

---

[2] The Court presumes the parties' familiarity with Plaintiff's medical history, which is summarized in the moving papers.

[3] Plaintiff previously filed an application for DIB on June 1, 2017, which was ultimately denied. Plaintiff argues that because the ALJ in this case constructively reopened the initial June 1, 2017 claim in this case, any claim of administrative *res judicata* has been waived and the Social Security regulations in place on June 1, 2017 apply to her case. The defendant has failed to respond to this argument and therefore any argument to the contrary has been waived.

conclusion," *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks and citation omitted). "The substantial evidence test applies not only to findings on basic evidentiary facts, but also to inferences and conclusions drawn from the facts." *Smith v. Colvin*, 17 F. Supp. 3d 260, 264 (W.D.N.Y. 2014). "Where the Commissioner's decision rests on adequate findings supported by evidence having rational probative force," the Court may "not substitute [its] judgment for that of the Commissioner." *Veino v. Barnhart*, 312 F.3d 578, 586 (2d Cir. 2002). Thus, the Court's task is to ask "'whether the record, read as a whole, yields such evidence as would allow a reasonable mind to accept the conclusions reached' by the Commissioner." *Silvers v. Colvin*, 67 F. Supp. 3d 570, 574 (W.D.N.Y. 2014) (quoting *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982)).

Two related rules follow from the Act's standard of review. The first is that "[i]t is the function of the [Commissioner], not [the Court], to resolve evidentiary conflicts and to appraise the credibility of witnesses, including the claimant." *Carroll v. Sec'y of Health & Human Servs.*, 705 F.2d 638, 642 (2d Cir. 1983). The second rule is that "[g]enuine conflicts in the medical evidence are for the Commissioner to resolve." *Veino*, 312 F.3d at 588. While the applicable standard of review is deferential, this does not mean that the Commissioner's decision is presumptively correct. The Commissioner's decision is, as described above, subject to remand or reversal if the factual conclusions on which it is based are not supported by substantial evidence. Further, the Commissioner's factual conclusions must be applied to the correct legal standard. *Kohler v. Astrue*, 546 F.3d 260, 265 (2d Cir. 2008). Failure to apply the correct legal standard is reversible error. *Id.*

II.     *Standards for Determining "Disability" Under the Act*

A "disability" is an inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months."  42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A).  The Commissioner may find the claimant disabled "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work."  *Id.* §§423(d)(2)(A), 1382c(a)(3)(B).  The Commissioner must make these determinations based on "objective medical facts, diagnoses or medical opinions based on these facts, subjective evidence of pain or disability, and . . . [the claimant's] educational background, age, and work experience."  *Dumas v. Schweiker*, 712 F.2d 1545, 1550 (2d Cir. 1983) (first alteration in original) (quoting *Miles v. Harris*, 645 F.2d 122, 124 (2d Cir. 1981)).

To guide the assessment of whether a claimant is disabled, the Commissioner has promulgated a "five-step sequential evaluation process."  20 C.F.R. §§404.1520(a)(4), 416.920(a)(4).  First, the Commissioner determines whether the claimant is "working" and whether that work "is substantial gainful activity."  *Id.* §§404.1520(b), 416.920(b).  If the claimant is engaged in substantial gainful activity, the claimant is "not disabled regardless of [his or her] medical condition or . . . age, education, and work experience."  *Id.* §§404.1520(b), 416.920(b).  Second, if the claimant is not engaged in substantial gainful

activity, the Commissioner asks whether the claimant has a "severe impairment." *Id.* §§404.1520(c), 416.920(c). To make this determination, the Commissioner asks whether the claimant has "any impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities." *Id.* §§404.1520(c), 416.920(c). As with the first step, if the claimant does not have a severe impairment, he or she is not disabled regardless of any other factors or considerations. *Id.* §§404.1520(c), 416.920(c). Third, if the claimant does have a severe impairment, the Commissioner asks two additional questions: first, whether that severe impairment meets the Act's duration requirement, and second, whether the severe impairment is either listed in Appendix 1 of the Commissioner's regulations or is "equal to" an impairment listed in Appendix 1. *Id.* §§404.1520(d), 416.920(d). If the claimant satisfies both requirements of step three, the Commissioner will find that he or she is disabled without regard to his or her age, education, and work experience. *Id.* §§404.1520(d), 416.920(d).

If the claimant does not have the severe impairment required by step three, the Commissioner's analysis proceeds to steps four and five. Before doing so, the Commissioner must "assess and make a finding about [the claimant's] residual functional capacity ["RFC"] based on all the relevant medical and other evidence" in the record. *Id.* §§404.1520(e), 416.920(e). RFC "is the most [the claimant] can still do despite [his or her] limitations." *Id.* §§404.1545(a)(1), 416.945(a)(1). The Commissioner's assessment of the claimant's RFC is then applied at steps four and five. At step four, the Commissioner "compare[s] [the] residual functional capacity assessment . . . with the physical and mental demands of [the claimant's] past relevant work." *Id.* §§404.1520(f), 416.920(f). If, based on that comparison, the claimant is able to perform his or her past

relevant work, the Commissioner will find that the claimant is not disabled within the meaning of the Act. *Id.* §§404.1520(f), 416.920(f). Finally, if the claimant cannot perform his or her past relevant work or does not have any past relevant work, then at the fifth step the Commissioner considers whether, based on the claimant's RFC, age, education, and work experience, the claimant "can make an adjustment to other work." *Id.* §§404.1520(g)(1), 416.920(g)(1). If the claimant can adjust to other work, he or she is not disabled. *Id.* §§404.1520(g)(1), 416.920(g)(1). If, however, the claimant cannot adjust to other work, he or she is disabled within the meaning of the Act. *Id.* §§404.1520(g)(1), 416.920(g)(1).

The burden through steps one through four described above rests on the claimant. If the claimant carries his burden through the first four steps, "the burden then shifts to the [Commissioner] to show there is other gainful work in the national economy which the claimant could perform." *Carroll*, 705 F.2d at 642.

III.  *The ALJ's Decision*

Preliminarily, the ALJ determined that Plaintiff's last-insured date is December 31, 2017. (Tr. 18). At the first step of the sequential evaluation, the ALJ found that Plaintiff has not engaged in substantial gainful activity during the period from September 1, 2014, the alleged onset date, through her date last insured, December 31, 2017. (Tr. 18). Next, at step two, the ALJ determined that Plaintiff has the following severe impairments: mild degenerative changes and scoliosis of the lumbosacral spine; and mild osteoarthritis of the left knee. (Tr. 18-20). Next, at step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.

(Tr. 20-21). Before proceeding to step four of the sequential evaluation, the ALJ determined that Plaintiff has the RFC to perform light work as defined at 20 C.F.R. § 404.1567(b) with the following limitations:

• She can lift/carry 10 pounds frequently and 20 pounds occasionally.
• She can stand or walk for six hours in an eight-hour workday and sit for six hours in an eight-hour workday.
• She can push/pull with the upper and lower extremities within the aforementioned weight restrictions and can occasionally climb (ramps and stairs), balance, stoop, kneel, crouch and crawl.

(Tr. 21-25). At step four, the ALJ found that Plaintiff could perform her past relevant work as a credit-reporting clerk. (Tr. 25). In the alternative, the ALJ proceeded to step five and considered Plaintiff's age, education, prior work experience, and RFC, and concluded that Plaintiff can perform other jobs that exist in significant numbers in the national economy. (Tr. 25-26). Accordingly, the ALJ found that Plaintiff is not disabled under the Act. (Tr. 27).

IV.   *Plaintiff's Challenges*

Plaintiff raises several challenges to the ALJ's decision. The Court finds, however, that none of them has merit.

Plaintiff first argues that the ALJ made factual errors and mistakes in describing the medical records. *Pl. Br. at 11.* This argument is meritless. Here, a careful review of the ALJ's decision reflects that all the ALJ's statements about Plaintiff's condition and treatment history were supported by the underlying medical evidence. Plaintiff has not identified an error, factual or otherwise, sufficient to overturn the ALJ's decision.

Plaintiff contends that the ALJ erred when he stated "that both Dr. [Christopher] Hamill and Dr. [Zair] Fishkin recommended against surgery or found she was not a surgical candidate." *Pl. Br. at 13.* However, the ALJ's assessment was supported by the record. Dr. Hamill wrote that: "I explained to Felicia that as a spine surgeon, I really would

not recommend any type of operative intervention. She has a very mild scoliotic deformity. She has really no significant instability. I, therefore, feel that she is not a candidate for operative intervention and recommended continuing nonoperative management." (Tr.1015). In support of his recommendation, Dr. Hamill noted that on physical examination she was well-nourished, well-developed, with full (5/5) motor strength in all muscle groups and straight leg raise test was negative. (Tr.1014). Thus, Dr. Hamill's report directly supported the ALJ's statement that "spine surgeon Christopher Hamill, M.D., opined that he would not recommend any type of operative intervention because the claimant only had a 'very mild scoliotic deformity.'" (Tr. 23).

Next Plaintiff claims that the ALJ mischaracterized Dr. Fishkin's recommendation that Plaintiff should not undergo surgery. *Pl. Br. at 12.* Again, the ALJ's statement is directly cited to the record and supported by the underlying treatment note. Specifically, Dr. Fishkin wrote: "I recommended against surgical intervention at this point in time. I do not believe that short segment realignment procedure and fusion is warranted at this time for the low-grade curve." (Tr. 1079). Although Plaintiff cites further language from Dr. Fishkin that Plaintiff was between a "rock and a hard place," Plaintiff is mistaken in asserting that "Dr. Fishkin's recommendation was not based on a lack of severity." *Pl. Br. at 12.* Dr. Fishkin explicitly explained that "the risk of surgery would outweigh the benefits at this point in time" and "while surgery may be required at some point in the future, I recommended that she avoid the arthrodesis for as long as possible." (Tr. 1079). Instead, Dr. Fishkin recommended conservative treatment consisting of NSAIDs and physical therapy. (Tr. 1079). Thus, the ALJ properly characterized Dr. Fishkin's treatment recommendation.

Plaintiff next argues that ALJ incorrectly claimed that her symptoms improved with exercise and other conservative treatment. *Pl. Br. at 12*. However, the ALJ's decision is supported by the underlying record. *See e.g.,* (Tr. 376 ("Passive ROM exercises instructed. Patient is improving…Patient is progressing satisfactorily"); (Tr. 379) ("Pt improving"); (Tr. 384) ("Symptoms have improved"); (Tr. 418) (same); (Tr. 439) ("Patient is improving…Patient is progressing satisfactorily"); (Tr. 441) ("PT improving"); (Tr. 443) ("Patient is improving and progressing satisfactorily"); (Tr. 480) ("Patient has improved. Alleviated by medications"); (Tr. 484) ("has improved since onset"); (Tr. 488) ("feels mildly improved since last visit"); (Tr. 490) ("has improved since last visit"); (Tr. 502, 504, 510, 541, 552) ("She has had physical therapy with improvement"); (Tr. 664) ("condition: improved"); (Tr. 989, 1024, 1473, 1479, 1482, 1493). Again, the underlying medical records support the ALJ's description.

Next, Plaintiff argues that the ALJ mischaracterized Dr. Fishkin and PA Hurd's statements as medical opinions. *Pl. Br. at 13*. Dr. Fishkin opined in August 2018 that Plaintiff "should avoid repetitive bending or twisting at the waist and other aggravating activities." (Tr.1092). The ALJ found the opinion "fairly persuasive to the extent that [it is] consistent with the RFC." (Tr. 24). The ALJ then noted that the opinion was consistent with the diagnoses, treatment records, and other objective evidence. The ALJ further explained that it was consistent with the fact that the claimant "was encouraged to manage her symptoms non-operatively." (Tr. 24). The ALJ also cited treatment notes and other objective evidence, as well as improvement with ROM exercises, in explaining why Dr. Fishkin's report was persuasive.

Plaintiff argues that Dr. Fishkin's report does not rise to the level of an opinion because it does not address "functional abilities and limitations" and "what the claimant can still do despite impairments." *Pl. Br. at 13*. However, Dr. Fishkin's statement directly touches upon limits on Plaintiff's functioning, specifically her ability to bend, twist and performing other aggravating activities. (Tr. 1092). An opinion does not have to contain a comprehensive or exhaustive assessment of a claimant's functioning to be considered an opinion or to be found persuasive. Nonetheless, Plaintiff contends that Dr. Fishkin's statement should be disregarded entirely, and that the record was not adequately developed because it lacked an opinion assessing Plaintiff's functioning.

Plaintiff argues that because the ALJ's decision did not precisely mirror a medical opinion, it was not supported by substantial evidence. However, this approach has been rejected. *See Ramsey v. Comm'r of Soc. Sec.*, 830 F. App'x 37, 39 (2d Cir. 2020) (upholding an RFC finding where "the ALJ occasionally deviated from consultative examiners' recommendations to *decrease* [the claimant's] RFC based on other evidence in the record" (emphasis in original)). The Second Circuit has repeatedly declined to let such characterizations circumvent the substantial evidence standard. *See Monroe v. Comm'r of Soc. Sec.*, 676 F. App'x 5, 9 (2d Cir. 2017); *Barry v. Colvin*, 606 F. App'x 621, 623-24 (2d Cir. 2015). Indeed, there is no requirement that the ALJ's RFC exactly match any individual medical opinion. *Matta v. Astrue*, 508 F.App'x 53, 56 (2d Cir. 2013) (summary order) ("[a]lthough the ALJ's conclusion may not perfectly correspond with any of the opinions of medical sources cited in his decision, he was entitled to weigh all of the evidence available to make an RFC finding that was consistent with the record as a whole"). The Supreme Court has recognized long ago that a conflict between a medical

opinion and other evidence is, like any evidentiary conflict, to be resolved by the ALJ. *See Richardson v. Perales*, 402 U.S. 389, 399 (1971) ("We have, on the one hand, an absence of objective findings . . . . We have, on the other hand, the claimant's and his personal physician's earnest pleas that significant and disabling residuals from the mishap of September 1965 are indeed present. . . . The trier of fact has the duty to resolve that conflict."). "[T]he Social Security Administration considers the data that physicians provide but draws its own conclusions as to whether those data indicate disability." *Snell v. Apfel*, 177 F.3d 128, 133 (2d Cir. 1999). Here, the ALJ's decision fell within the range of functioning described by medical evidence.

Further, the RFC does not have to identically track any particular medical opinion. *See, e.g. Bowen v. Comm'r of Soc. Sec.*, No. 1:19-CV-00420 EAW, 2020 WL 2839318, at *5 (W.D.N.Y. June 1, 2020); *Nersinger v. Comm'r of Soc. Sec.*, No. 1:18-CV-1479-DB, 2020 WL 1151459, at *4 (W.D.N.Y. Mar. 10, 2020); *Carter-Carr v. Saul*, No. 18-CV-1063F, 2020 WL 255539, at *5 (W.D.N.Y. Jan. 16, 2020); *Jones v. Comm'r of Soc. Sec.*, No. 18-CV-01299, 2019 WL 6841522, at *5 (W.D.N.Y. Dec. 16, 2019); *Pullins v. Comm'r of Soc. Sec.*, No. 1:18-CV-01303-DB, 2019 WL 6724586, at *4 (W.D.N.Y. Dec. 11, 2019). This is particularly true where the RFC determination reflects limitations *beyond* what one of the sources advised. *Lesanti v. Comm'r of Soc. Sec.*, 436 F. Supp. 3d 639, 649 (W.D.N.Y. 2020). The Second Circuit recently held that "the ALJ's RFC conclusion need not perfectly match any single medical opinion in the record, so long as it is supported by substantial evidence." *Schillo v. Kijakazi*, 31 F.4th 64, 78 (2d Cir. 2022). Thus, Plaintiff's argument fails because there is no requirement that the RFC determination match a

medical opinion, and furthermore, to the extent it differed from the medical opinions it was to Plaintiff's benefit.

Plaintiff seeks a reweighing of the evidence favorable to her, but she fails to show that no reasonable factfinder could have weighed the evidence the same way the ALJ did. In such cases, the substantial evidence standard of review contemplates deference to the ALJ's weighing of the record evidence. See Richardson v. Perales, 402 U.S. 389, 399 (1971); Cage v. Commr of Soc. Sec., 692 F.3d 118, 122 (2d Cir. 2012). The issue before the Court is not whether Plaintiff, in argument on appeal, can articulate an interpretation of the evidence in her favor, but whether a reasonable factfinder could have weighed the evidence the same way the ALJ did. See McIntyre v. Colvin, 758 F.3d 146, 149 (2d Cir. 2014). "If the evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld." Id.

The Court also finds unpersuasive Plaintiff's argument that the ALJ failed to develop the record in this case. Although the ALJ must attempt to fill in any "clear gaps" in the administrative record, "where there are no obvious gaps . . . and where the ALJ already possesses a 'complete medical history,'" the ALJ is under no obligation to seek additional information. Rosa v. Callahan, 168 F.3d 72, 79, n. 5 (2d Cir. 1999); see also Perez, 77 F.3d at 48 (ALJ is not required to obtain additional evidence when the record is "adequate for [the ALJ] to make a determination as to disability."). Rather, at that point it is the ALJ's duty to resolve the conflicts in the evidence. Veino, 312 F.3d at 588. Indeed, the Commissioner's regulations and rulings afford the ALJ significant discretion to determine when the existing record evidence is sufficient to make a disability determination. 20 C.F.R. § 404.1520b.

Plaintiff's argument that the ALJ did not meet his duty to develop the record, because he could have ordered another medical opinion, lacks merit. *Pl. Br. at 21*. Indeed, as the Supreme Court observed, the proposition that the evidence could have been better has no bearing on the substantial evidence inquiry whether the available evidence was sufficient for a reasonable factfinder to make a reasoned determination. *See Biestek*, 139 S. Ct. at 1155.

Here, the record contained, and the ALJ considered, significant evidence pertaining to Plaintiff's functioning, including years of treatment records, testimony and medical assessments. Accordingly, the record contains Plaintiff's medical history throughout the entire relevant period. As a preliminary matter, Plaintiff has the burden to produce evidence proving that she was disabled. *Burgess v. Astrue*, 537 F.3d 117, 128 (2d Cir. 2008). "It is not unreasonable to require the claimant, who is in a better position to provide information about his own medical condition, to do so." *Bowen*, 482 U.S. at 146 n.5. Against that backdrop, Plaintiff's speculation that there may be additional, material evidence that was not adequately reflected in the record fails. *See Morris v. Berryhill*, 721 F. App'x 25, 27 (2d Cir. 2018) (The "theoretical possibility" that one missing treatment notation may exist that could have included evidence, "does not establish that [the Commissioner] failed to develop a complete record").

The Commissioner's regulations require that the ALJ must develop the record further only if the evidence he already has is insufficient, and it is the ALJ who makes that sufficiency determination. *See* 20 C.F.R. § 404.1520b(b)(1) ("If any of the evidence in your case record, including any medical opinions, is inconsistent, we will consider the relevant evidence and see if we can determine whether you are disabled based on the

evidence we have"). The Second Circuit has agreed that "[t]he ALJ is not required to develop the record any further when the evidence already presented is adequate for [the ALJ] to make a determination as to disability." *Janes v. Berryhill*, 710 F. App'x 33, 34 (2d Cir. 2018) (citing *Perez*, 77 F.3d at 48) (internal citations omitted).

Relatedly, Plaintiff has failed to show that any allegedly missing evidence would vary from the evidence that was already in the record. *See Morris*, 721 F. App'x at 27-28; *see also Reices-Colon*, 523 F. App'x at 799 (finding the claimant's record supplementation argument to be baseless, where she failed to explain how any specific missing record would have affected her case); *Wilson v. Colvin*, 136 F. Supp. 3d 475, 479 (W.D.N.Y. 2015) (noting that "an ALJ does not have an affirmative duty to expand the record *ad infinitum*" and declining to remand where the plaintiff's assertion that additional evidence "could or should have altered the outcome" was "wholly speculative") (citation omitted). Here, the record contains Plaintiff's complete treatment history during the period at issue. Indeed, the ALJ even attempted to obtain a statement from Plaintiff's treating source after the fact; the ALJ made an effort to request Dr. Smith's records on two occasions. (Tr.357). *See Drake v. Astrue*, 443 F. App'x 653, 655 (2d Cir. Nov. 2, 2011) (finding ALJ made reasonable efforts and "nothing in the record suggests that the ALJ should have known that [the hospital's] response was incomplete" when ALJ contacted hospital and hospital responded by including most records but omitting some records). Thus, given the foregoing evidence that supported the ALJ's finding, Plaintiff's argument that the additional records might have supported her position and led to a finding of disability is speculation. *See Reices-Colon*, 523 F. App'x at 799; *Morris*, 721 F. App'x at

27-28. Because the ALJ had sufficient evidence upon which to make a decision, nothing more was required of him.

## CONCLUSION

For the above reasons, Plaintiff's motion for judgment on the pleadings (Dkt. No. 6) is denied and defendant's motion for judgment on the pleadings (Dkt. No.7) is granted. The case is therefore dismissed.

The Clerk of Court shall take all steps necessary to close this case.

**SO ORDERED.**

Dated:    Novdember 28, 2023
         Buffalo, New York

                                              MICHAEL J. ROEMER
                                              United States Magistrate Judge